Fred Burnside (State Bar No. 211089)
John D. Freed (State Bar No. 261518)
Jean Fundakowski (State Bar No. 328796)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email: fredburnside@dwt.com
       jakefreed@dwt.com
       jeanfundakowski@dwt.com

Attorneys for Defendant
MECHANICS BANK,
successor by merger to RABOBANK, N.A.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE VILLANUEVA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RABOBANK, N.A., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 and 1441**<br><br>(Contra Costa County Superior Court Case No. MSC21-02089)<br><br>Complaint Filed:  June 12, 2018<br>FAC Filed:       April 15, 2022<br>SAC Filed:       February 13, 2023 |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Rabobank, N.A. ("Rabobank") hereby removes the above-captioned case, filed in the Superior Court of the State of California, County of Contra Costa, case number MSC21-02089, to the United States District Court for the Northern District of California.[1]  Removal is based on federal question jurisdiction because Plaintiff's Second Amended Complaint ("SAC") arises under the United States Consumer Financial Protection Bureau's ("CFPB") Regulation E—12 C.F.R. § 1005.17 and the Federal Reserve System's parallel provision at 12 C.F.R. § 205.17—an implementing regulation under the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq*.  As required by 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process, pleadings, and orders served on Defendant—are set forth below and attached as exhibits hereto.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1. Rabobank was a national bank subject to the National Bank Act, 12 U.S.C. §§ 21, *et seq.*, and regulated by the United States Office of the Comptroller of the Currency.  SAC ¶ 12.

2. On June 12, 2018, Plaintiff Joe Villanueva filed a Complaint against Rabobank in the Superior Court of California for San Diego County, Case No. 37-2018-00028998-CU-BT-CTL, alleging breach of contract and violation of Cal. Bus. & Prof. Code § 17200 ("UCL"), based only on Rabobank's practice of charging continued overdraft fees (i.e., fees where an account remains overdrawn for more than five days).

3. On September 1, 2019, Rabobank was acquired by Mechanics Bank.  The combined entity, operating as Mechanics Bank, is headquartered in Walnut Creek, California.  On August 23, 2021, the Parties stipulated to the transfer of venue in this action to the Contra Costa County Superior Court, Case No. MSC21-02089 (the "State Court Action").

---

[1] Rabobank preserves all Rule 12 objections. S*ee* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

DAVIS WRIGHT TREMAINE LLP

4. On April 15, 2022, Plaintiff filed the First Amended Complaint ("FAC"). The FAC mentioned Regulation E for the first time, but contained no facts supporting a Regulation E-based claim. Rabobank moved to strike a portion of the FAC due to Plaintiff's failure to allege any facts supporting a theory that Rabobank violated Regulation E by charging overdraft fees for which Plaintiff had not opted-in. The Superior Court granted Rabobank's Motion to Strike with leave to amend. Plaintiff filed the SAC on February 13, 2023. A true and correct copy of Rabobank's service copy of the SAC is attached to this Notice of Removal as **Exhibit A**.

5. The Court has original jurisdiction and the Northern District of California encompasses the location in which the State Court Action is pending. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

## II.   FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331.

6. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owen*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84.

**A.   The SAC Arises Under Federal Law.**

7. The Court has original jurisdiction over this action because Plaintiff's claims in the SAC arise under a federal regulation, Regulation E, 12 C.F.R. §§ 205.17 (Federal Reserve System) & 1005.17 (CFPB). "An action may arise under a law of the United States if the plaintiff's right to relief necessarily turns on the construction of federal law." *Bright*, 780 F.2d at 769. The claims in the SAC necessarily turn on the construction and application of 12 C.F.R. §§ 205.17 & 1005.17, which implement provisions of the federal Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.*, and regulate electronic fund transfers that authorize financial institutions to debit or credit a consumer's account.

8. Plaintiff is a former Rabobank customer. In the SAC, he alleges two types of conduct purportedly violating Regulation E. First, he claims he incurred specified overdraft fees because Rabobank improperly enrolled him into overdraft services for ATM and point-of-sale debit transactions in violation of 12 C.F.R. § 1005.17(f). SAC ¶ 38. Second, the SAC contains an entirely new Regulation E-based theory, for the first time alleging that Rabobank "failed to provide confirmation of the [alleged] unlawful and automatic opt-ins to Plaintiff and other customers who were electronically enrolled" in overdraft services for ATM and point-of-sale debit transactions. SAC ¶ 42 (citing 12 C.F.R. § 1005.17(b)(1)(iv)). His class allegations identify as a common question of law and fact "whether Rabobank electronically enrolled customers into its optional overdraft program … in violation of federal regulations." *Id.* ¶ 51(d). Thus, this Court possesses original jurisdiction over Plaintiff's multiple allegations of Rabobank's violation of Regulation E.

9. Although Plaintiff has styled his claims as a breach of contract and violation of the UCL, Rabobank is entitled to remove this action under 28 U.S.C. § 1441 because both causes of action are based entirely on alleged violations of federal Regulation E (12 C.F.R.§§ 1005.1, *et seq.*) and therefore "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see e.g.*, *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986) ("A plaintiff will not be allowed to conceal the true nature of a complaint through 'artful pleading.'"); *People ex rel. Lockyer v. Dynegy Power Mktg.*, 375 F.3d 831, 846 n.6 (9th Cir. 2004) (federal question jurisdiction exists over UCL claim based on "alleged violations of federal tariff obligations"); *Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1036 (N.D. Cal. 2011) (federal question jurisdiction present where UCL claim based on alleged violations of federal consumer lending statutes, RESPA and TILA).

**B.     Removal is Timely.**

10. Rabobank received copies of the Summons and SAC on February 13, 2013.

11. Removal must be executed within 30 days, therefore this removal is timely. See 28 U.S.C. § 1446 (b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-

3
NOTICE OF REMOVAL

56 (1999) ("[I]f the summons and complaint are served together, the 30–day period for removal runs at once.").

12.  The SAC is the first pleading in which Plaintiff has alleged any facts comprising a purported violation of federal law. Accordingly, Rabobank could not have removed this case to federal court before the filing of the SAC.

13.  The FAC alleged that Rabobank enrolled Plaintiff in overdraft services for ATM and point-of-sale debit transactions, but it did so in a conclusory manner. It did not allege the existence of point-of-sale or ATM transactions that would have required opt-in under Regulation E (i.e., any actual overdraft fees charged to Plaintiff as a result of the alleged improper enrollment). FAC ¶¶ 34, 38, 55, 64. Nor did the FAC contain any allegations about Rabobank's alleged violation of Regulation E through its purported failure to provide written confirmation of customers' enrollment in overdraft services for ATM and point-of-sale debit transactions. Indeed, in connection with the stipulation to allow filing the FAC, Plaintiff's counsel expressly represented in writing that "the FAC is not adding a specific Reg E claim." *See* **Ex. B** (Sept. 30, 2022 Declaration of Sean Patterson at Ex. E).

14.  Rabobank moved to strike the FAC's class allegations on Plaintiff's overdraft enrollment theory because the FAC did not allege Rabobank actually charged him overdraft fees that required opt-in under federal law (i.e., on ATM or point-of-sale debit transactions). In opposing Rabobank's motion, Plaintiff claimed to have "newly discovered evidence" of specific overdraft fees charged in violation of regulation E. The Superior Court granted the motion to strike. It noted that the "[f]acts essential to support the claims" of federal law violations "are that the overdraft charges were made on ATM or one-time debit card transactions as to which valid consent for overdraft payments was not obtained by the Bank." *Id.* The Superior Court recognized that the FAC "does not contain those essential allegations" showing a violation of any federal law to support contract or UCL claims based on any federal law violations. *Id.*

15.  The Superior Court granted leave to amend, and Plaintiff filed the SAC on February 13, 2023. As detailed above, the SAC—unlike the FAC—contains an "unequivocally clear and certain" factual allegation that Rabobank violated federal law in the form of specific

overdraft fees charged in violation of Regulation E, thereby triggering the deadline to remove the action to federal court. *See Dietrich v. Boeing Co.*, 14 F4th 1089, 1090-91 (9th Cir. 2021) (adopting "unequivocally clear and certain" standard to create bright-line removal rule).

16. Rabobank timely files this Notice of Removal within the 30-day time limit prescribed by 28 U.S.C. § 1446 (b)(1), because it is filed with 30 days of either the Superior Court's Order allowing amendment or the filing of the SAC.

### III. RABOBANK HAS SATISFIED THE REMAINING PROCEDURAL REQUIREMENTS

17. The United States District Court for the District of Northern California is the federal judicial district embracing the Superior Court of Contra Costa County, where the State Court Action is pending. 28 U.S.C. § 117.

18. In addition to the SAC (**Exhibit A**), all other pleadings, processes, and orders served upon or received by Rabobank in the State Court Action or found on the docket in the State Court Action are attached as **Exhibit B**, including a copy of the docket in the State Court Action.

19. Rabobank will concurrently file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Contra Costa and will serve it on Plaintiff contemporaneously. Rabobank will serve Plaintiff with copies of this Notice of Removal and the notice filed in State Court.

20. Rabobank has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

21. The removal of this action terminates all potential proceedings in Contra Costa County Superior Court. *See* 28 U.S.C. § 1446(d). Based on the foregoing, Rabobank hereby removes this action from the Contra Costa County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided for by law.

1  DATED: February 23, 2023                    Respectfully submitted,
                                               DAVIS WRIGHT TREMAINE LLP
2

3                                              By: /s/ John D. Freed
                                                   Fred Burnside
4                                                  John D. Freed
                                                   Jean Fundakowski
5
                                               Attorneys for Defendant
6                                              MECHANICS BANK,
                                               Successor by merger to RABOBANK, N.A.
7

NOTICE OF REMOVAL                              6