SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
DEPARTMENT 39


REPORTER:                          HEARING DATE: 03/17/22

CLERK: D. JOHNSON

---

JOE VILLANUEVA
            PLAINTIFF(S)


VS.                                    CASE NO. MSC21-02089

                                    ****** MINUTE ORDER ******

RABOBANK, N.A.
            DEFENDANT(S)

*********************************************************************

PROCEEDINGS:HEARING ON PETITION TO/FOR APPLICATION OF DANA KLINGES TO APPE
            PRO HAC VICE FILED BY RABOBANK, N.A.

Not Reported

Cause called for hearing before JUDGE EDWARD G. WEIL.

Clerk: DENESE JOHNSON

No Appearance, Either Party

There being no Opposition to the Court`s Tentative Ruling, same is
adopted as follows:

Granted.


Date:   03/17/22                BY _____
                                    DENESE JOHNSON,
                                    Deputy Clerk


MAR 1 7 2022

**RA-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**     STATE BAR NUMBER: 312239 <br> NAME: Tiffine E. Malamphy <br> FIRM NAME: LYNCH CARPENTER, LLP <br> STREET ADDRESS: 1350 Columbia St., Ste. 603 <br> CITY: San Diego     STATE: CA     ZIP CODE: 92101 <br> TELEPHONE NO.: (619) 762-1900     FAX NO.: <br> EMAIL ADDRESS: tiffine@lcllp.com <br> ATTORNEY FOR (name): Plaintiff Joe Villanueva | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Joe Villanueva
DEFENDANT/RESPONDENT: Rabobank NA
OTHER CASE NAME:

| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER: <br> MSC21-02089 |
|---|---|

> You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)
>
> Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.
>
> See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.
>
> **A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is (check and complete all that apply):
   - [ ] Plaintiff/Petitioner (name):
   - [x] Attorney for Plaintiff/Petitioner (name): Joe Villanueva
   - [ ] Defendant/Respondent (name):
   - [ ] Attorney for Defendant/Respondent (name):
   - [ ] Other (name and role in case):

2. The person or persons in 1 intends to appear remotely (check one):
   a. [ ] Throughout the case.
   b. [x] At the proceeding described below, including on any later dates if the proceeding is continued (describe):
      Type of proceeding: Plaintiff's Motion to Compel and Informal Discovery Conference
      Set on (date): November 10, 2022    at (time): 9:30 a.m.    in (department): 39
      Before (name of judicial officer, if known): Hon. Edward G. Weil

3. The person intends to appear by (check court's website for method that may be used):
   - [x] Videoconference    [x] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75; <br> Cal. Rules of Court, rule 3.672 <br> www.courts.ca.gov |

RA-010

| PLAINTIFF:  Joe Villanueva | CASE NUMBER: |
|---|---|
| DEFENDANT:  Rabobank NA | MSC21-02089 |

5. ☒ I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date:  November 10, 2022

Tiffine E. Malamphy
(TYPE OR PRINT NAME)

▶ s/ Tiffine E. Malamphy
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice**: By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. ☐ Plaintiff/Petitioner
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

2. ☒ Attorney for: Defendant
   a.  Name: Cyndie M. Chang
   b.  Date of notice: November 10, 2022
   c.  Method of notice: Electronic
   d.  Address (mailing, in-person, or email) or phone number: cmchang@duanemorris.com

3. ☐ Defendant/Respondent
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

4. ☒ Attorney for: Defendant
   a.  Name: Christine Ross
   b.  Date of notice: November 10, 2022
   c.  Method of notice: Electronic
   d.  Address (mailing, in-person, or email) phone number: ccross@duanemorris.com

5. ☐ Other *(specify)*:
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

6. ☒ Attorney for: Defendant
   a.  Name: Dana Klinges
   b.  Date of notice: November 10, 2022
   c.  Method of notice: Electronic
   d.  Address (mailing, in-person, or email) phone number: dklinges@duanemorris.com

7. ☐ Other *(specify)*:
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify)*:
   a.  Name:
   b.  Date of notice:
   c.  Method of notice:
   d.  Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

correct. Date:  November 10, 2022

Tiffine E. Malamphy
(TYPE OR PRINT NAME)

▶ s/ Tiffine E. Malamphy
(SIGNATURE)

**NOTICE OF REMOTE APPEARANCE**

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 312239 | FOR COURT USE ONLY |
|---|---|

NAME: Tiffine E. Malamphy
FIRM NAME: LYNCH CARPENTER, LLP
STREET ADDRESS: 1350 Columbia St., Ste. 603
CITY: San Diego          STATE: CA     ZIP CODE: 92101
TELEPHONE NO.: (619) 762-1900          FAX NO.:
E-MAIL ADDRESS: tiffine@lcllp.com
ATTORNEY FOR (name): Joe Villanueva

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS:  725 Court Street
MAILING ADDRESS:  725 Court Street
CITY AND ZIP CODE:     Martinez, CA 94553
BRANCH NAME:  Wakefield Taylor Courthouse

PLAINTIFF/PETITIONER: Joe Villanueva

DEFENDANT/RESPONDENT: Rabobank NA

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
MSC21-02089

JUDICIAL OFFICER:
Hon. Edward G. Weil

DEPARTMENT:
39

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*

    1350 Columbia St., Ste. 603, San Diego, CA 92101

    b.  My electronic service address is *(specify):*
    maggie@lcllp.com

2.  I electronically served the following documents *(exact titles):*

    NOTICE OF REMOTE APPEARANCE

    ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served:  Cyndie M. Chang; Christine Ross; Dana Klinges; Sean Patterson

    On behalf of *(name or names of parties represented, if person served is an attorney):*
    Rabobank NA

    b.  Electronic service address of person served *:*
    cmchang@duanemorris.com; ccross@duanemorris.com; dklinges@duanemorris.com; cspatterson@duanemorris.com

    c.  On *(date):*  November 10, 2022

    ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
    *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  November 10, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Margaret Robalino
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *[signature]*
_____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

Electronically Filed Superior Court of CA County of Contra Costa 11/10/2022 9:34 PM By: K. Vaquerano, Deputy

Cyndie M. Chang (SBN 227542)
**DUANE MORRIS LLP**
865 So. Figueroa Street, Suite 3100
Los Angeles, California 90017
Telephone:  (213) 689-7400
Facsimile:  (213) 689-7401
E-mail:       cmchang@duanemorris.com

Christine C. Ross (SBN 280646)
Sean Patterson (SBN 234565)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone:    (415) 957-3000
Facsimile:    (415) 957-3001
E-mail:    ccross@duanemorris.com
              cspatterson@duanemorris.com

Dana B. Klinges (admitted *pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th  Street
Philadelphia, PA 19103-4196
Telephone:  (215) 979-1143
Facsimile:  (215) 405-2632
E-mail:       dklinges@duanemorris.com

Attorneys for Defendant and Respondent
MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOE VILLANUEVA, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br><br>          v.<br><br>RABOBANK, N.A., and DOES 1 through 20, inclusive,<br><br>                     Defendants. | Case No. MSC21-02089<br><br>**DEFENDANT RABOBANK, N.A.'S NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT**<br><br>Date:   12/29/22<br>Time:   9AM<br>Dept:   39<br>Judge:     Hon. Edward G. Weil<br>FAC Filed: April 15, 2022 |

DM3\9139669.1

CASE NO. MSC21-02089

DEFENDANT RABOBANK, N.A.'S NOTICE OF DEMURRER AND
DEMURRER TO FIRST AMENDED COMPLAINT

1

**NOTICE OF DEMURRER**

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

      **PLEASE TAKE NOTICE** that on _____, 2022, at _____ a.m./p.m., or

4

as soon thereafter as counsel may be heard, in the courtroom of the Honorable Edward G. Weil,

5

located in Department 39 of the above entitled court, located at 725 Court Street Martinez, CA

6

94553, Defendant Rabobank, N.A. ("Defendant") will and hereby does demur to the First Amended

7

Complaint filed by Plaintiff Joe Villanueva.  This demurrer is made pursuant to Code of Civil

8

Procedure sections 430.10 *et seq*. and on the grounds that Plaintiff has failed to state a claim and,

9

therefore, should be dismissed without leave to amend.

10

      This demurrer is based on this Notice of Demurrer and Demurrer, and the concurrently filed

11

Memorandum of Points & Authorities, Declaration of Sean Patterson ("Patterson Decl."), the

12

pleadings and records on file in this action, and any such other evidence or argument that the Court

13

may consider.

14

      Prior to filing this demurrer, counsel for Plaintiff and counsel for Defendant met and

15

conferred pursuant to Code of Civil Procedure section 430.41.  (Patterson Declaration, ¶¶ 2-6.)

16

17

Dated: November 10, 2022                **DUANE MORRIS LLP**

18

19

                               By: _____

20

                                 Cyndie M. Chang
                                 Sean Patterson

21

                                 Attorneys for Defendant

22

                                 MECHANICS BANK, SUCCESSOR TO
                                 RABOBANK, N.A.

23

24

25

26

27

28

DEFENDANT RABOBANK, N.A.'S NOTICE OF DEMURRER AND
DEMURRER TO FIRST AMENDED COMPLAINT

## DEMURRER

Pursuant to section 430.10 *et seq.* of the California Code of Civil Procedure, Defendant Rabobank, N.A. hereby demurs generally to the Complaint filed by Joe Villanueva on the following grounds:

### DEMURRER TO THE FIRST CAUSE OF ACTION

### (Breach of Contract)

Defendant hereby demurs to Plaintiff's First Cause of Action because Plaintiff fails to state facts sufficient to constitute a cause of action for breach of contract for continuous overdraft fees. (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1352.)  Additionally, the statute of limitations has passed for Plaintiff's breach of contract claim based on allegations that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17. (12 C.F.R. §1005.17; *Austin v. Medicis* (2018) 21 Cal.App.5th 577, 597.)  Further, the breach of contract claim based on allegations that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17 does not relate back to the original Complaint and therefore should be dismissed.

### DEMURRER TO THE SECOND CAUSE OF ACTION

### (Breach of California's Unfair Competition Law)

Defendant hereby demurs to Plaintiff's Second Cause of Action because Plaintiff fails to state facts sufficient to constitute a cause of action for California's Unfair Competition Law ("UCL") for continuous overdraft fees.  (Cal. Bus. & Prof. Code §17200.)  Additionally, the statute of limitations has passed for Plaintiff's UCL claim based on allegations that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17 (12 C.F.R. §1005.17; *Austin v. Medicis* (2018) 21 Cal.App.5th 577, 597.)  Further, the UCL claim based on allegations that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17 does not relate back to the original Complaint and

1   therefore should be dismissed.

2                                    **PRAYER FOR RELIEF**

3          WHEREFORE, Defendant prays that:

4          1.      The Demurrer be sustained and the First Amended Complaint be dismissed in its

5                  entirety without leave to amend; and

6          2.      For such other and further relief as the Court may deem proper.

7

8   Dated: November 10, 2022                      **DUANE MORRIS** LLP

9

10                                                By: _____

11                                                    Cyndie M. Chang
                                                      Sean Patterson

12                                                    Attorneys for Defendant
                                                      MECHANICS BANK, SUCCESSOR TO
13                                                    RABOBANK, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

           DEFENDANT RABOBANK, N.A.'S NOTICE OF DEMURRER AND
                    DEMURRER TO FIRST AMENDED COMPLAINT

Electronically Filed Superior Court of CA County of Contra Costa 11/10/2022 9:34 PM By: K. Vaquerano, Deputy

1  Cyndie M. Chang (SBN 227542)
   **DUANE MORRIS LLP**
2  865 So. Figueroa Street, Suite 3100
   Los Angeles, California 90017
3  Telephone:  (213) 689-7400
   Facsimile:  (213) 689-7401
4  E-mail:      cmchang@duanemorris.com

5  Christine C. Ross (SBN 280646)
   Sean Patterson (SBN 234565)
6  **DUANE MORRIS LLP**
   Spear Tower
7  One Market Plaza, Suite 2200
   San Francisco, CA  94105-1127
8  Telephone:    (415) 957-3000
   Facsimile:    (415) 957-3001
9  E-mail:     ccross@duanemorris.com
               cspatterson@duanemorris.com
10
   Dana B. Klinges (admitted *pro hac vice*)
11 **DUANE MORRIS LLP**
   30 South 17th  Street
12 Philadelphia, PA 19103-4196
   Telephone:  (215) 979-1143
13 Facsimile:  (215) 405-2632
   E-mail:      dklinges@duanemorris.com
14
   Attorneys for Defendant and Respondent
15 MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

16                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17                   **FOR THE COUNTY OF CONTRA COSTA**

18 JOE VILLANUEVA, on behalf of himself and all      Case No. MSC21-02089
   others similarly situated,
19
                          Plaintiff,                 **DEFENDANT RABOBANK, N.A.'S**
20                                                   **MEMORANDUM OF POINTS AND**
         v.                                          **AUTHORITIES IN SUPPORT OF**
21                                                   **DEMURRER TO FIRST AMENDED**
   RABOBANK, N.A., and DOES 1 through 20,            **COMPLAINT**
22 inclusive,
23                        Defendants.                Date:
                                                     Time:
24                                                   Dept:        39
                                                     Judge:      Hon. Edward G. Weil
25                                                   FAC Filed: April 15, 2022
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

I.     INTRODUCTION ..................................................................................................4

II.    STATEMENT OF FACTS & PROCEDURAL HISTORY .................................5

III.   ARGUMENT ......................................................................................................6

    A.     Plaintiff Fails to Allege a Breach of Contract or a UCL Violation with Respect
         to the Continued Overdraft Fee............................................................ 7

        1.     Plaintiff Fails to Allege a Breach of Contract as to the
             Continued Overdraft Fee............................................................ 7

        2.     Plaintiff Fails to Allege a UCL Violation as to the Continued
             Overdraft Fee. ............................................................................ 8

    C.     Plaintiff Fails to State a Claim Relating to the Allegedly "Automatic" Opt-in.... 10

    D.     The Statute of Limitations Bars the New Claims ................................. 12

        1.     To the Extent They are Based on Regulation E, the Breach of
             Contract and UCL Causes of Action Should be Governed by a
             One-Year Statute of Limitations................................................. 12

        2.     Whether or Not a One-Year Statute of Limitations Applies,
             the New Claims are Time-Barred ............................................... 12

        3.     The New Breach of Contract and UCL Claims Based on
             Regulation E Do Not Relate Back to the Claims in the
             Original Complaint .................................................................... 13

            a.     The new Regulation E-based claims are not based on the same
                set of facts as the original claims. ...................................14

            b.     The new Regulation E-based claims are not based on the same
                injuries as the original claims. ........................................14

                i.     The New Regulation E-based Claims are Not Based on
                    the Same Instrumentality as the Original Claims. .............15

    B.     If the Court Does Not Dismiss the new Claims Entirely, the claims Should
         Only Relate Back for Class Members who were Members of the Continued
         OD Class. .................................................................................... 16

IV.    CONCLUSION...................................................................................................16

DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page No(s).

**CASES**

*Aryeh v. Canon Business Solutions, Inc.*
(2013) 55 Cal.4th 1185 ...................................................................................................12

*Austin v. Medicis*
(2018) 21 Cal.App.5th 577 .............................................................................................12

*Coronet Manufacturing Co. v. Superior Court*
(1979) 90 Cal.App.3d 342 .............................................................................................15

*Dhuyvetter v. City of Fresno*
(1980) 110 Cal.App.3d 659 ...........................................................................................13

*Guenter v. Lomas & Nettleton Co.*
(1983) 140 Cal.App.3d 460 ...........................................................................................13

*Hollister Park Inv. Co. v. Goleta County Water Dist.*
(1978) 82 Cal.App.3d 290 ...............................................................................................9

*Levy v. State Farm Mut. Auto. Ins. Co.*
(2007) 150 Cal.App.4th 1 ................................................................................................7

*Mechanical Contractors Ass'n v. Greater Bay Area Ass'n*
(1998) 66 Cal.App.4th 672 ..............................................................................................6

*Norgart v. Upjohn Co.*
(1999) 21 Cal.4th 383 ...................................................................................................14

*Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*
(2011) 195 Cal.App.4th 265 ....................................................................................13, 15

*Prakashpalan v. Engstrom, Lipscomb & Lack*
(2014) 223 Cal.App.4th 1105 ..........................................................................................6

*Scholes v. Lambirth Trucking Co.*
(2017) 10 Cal.App.5th 590 ............................................................................................13

*Troyk v. Farmers Group, Inc.*
(2009) 171 Cal.App.4th 1305 ......................................................................................7, 11

*Western Title Ins. Co. v. Bartolacelli*
(1954) 124 Cal.App.2d 690 ..............................................................................................6

*Wolschlager v. Fidelity National Title Ins. Co.*
(2003) 111 Cal.App.4th 784 ............................................................................................7

**FEDERAL STATUTES**

Electronic Fund Transfer Act (15 U.S.C. § 1693 *et seq.*)........................................................6

**STATE STATUTES**

Cal. Bus. & Prof. Code §17200 ...................................................................................5, 8

Cal. Bus. & Prof. Code §17204 ..........................................................................................8

Cal. Code Civ. Proc. §589 ...................................................................................................6

UCL........................................................................................................4-8, 10-13, 15

**REGULATIONS**

12 C.F.R. Section 205.17 ..................................................................................................12

12 C.F.R. §1005.17 ...............................................................................................5-6, 9-15

1   Defendant Rabobank, N.A. ("Rabobank" or "Defendant") brings this demurrer to Plaintiff

2   Joe Villanueva's ("Plaintiff") and two proposed classes' allegations in the First Amended Complaint

3   ("FAC").

4   **I.     INTRODUCTION**

5          Plaintiff's FAC asserts two causes of action, encompassing four theories of liability – none of

6   which has merit.

7          The original theory of liability asserted by Plaintiff is that Defendant failed to disclose that he

8   could be subject to two different types of overdraft fees when he conducted transactions without

9   sufficient funds in his account to honor those transactions.  Plaintiff alleges that this failure to

10  disclose breached Defendant's contract with Plaintiff and violated California's Unfair Competition

11  Law.  Plaintiff's claim is nonsensical, in light of the plain reading of the governing contract and

12  related documents.

13         Like all banks, Defendant offers its customers the option to have it honor transactions that

14  would otherwise be denied for insufficient funds.  When it does honor such transactions, it charges a

15  $35 overdraft fee for that service.  When the account holder fails to bring his balance back to

16  positive for five or more days, Defendant charges an additional $5 fee per day, for each day that the

17  account remains in the negative up to ten business days thereafter.  These terms are explicitly set

18  forth in the governing contract and related documents provided to Plaintiff when he first opened his

19  account.  Indeed, Defendant provided Plaintiff with a document that set forth a detailed explanation

20  of its overdraft services and fees at that time of the account opening.  This document, referred to in

21  the FAC as the "Opt-In Agreement, is entitled "What You Need To Know About Overdraft Services

22  and Fees," is virtually identical to the model form published by the Consumer Financial Protection

23  Bureau ("CFPB").  Accordingly, there is no reasonable interpretation of these documents that would

24  support Plaintiff's claim that he was misled about how and when he could be subject to a continuous

25  overdraft fee.  For this reason alone, the Court should sustain Defendant's demurrer to Plaintiff's

26  UCL cause of action based on this theory.

27         Plaintiff's second theory of liability, newly alleged for the first time in his FAC, is that

28

**DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT**

Defendant "automatically" enrolled Plaintiff and all its customers who opened a personal banking account for overdraft services on certain transactions, without first obtaining their consent.  Plaintiff alleges that this "automatic" enrollment violates 12 C.F.R. §1005.17 ("Regulation E"), and provides separate grounds for Plaintiff's breach of contract and UCL claims.  Again, Plaintiff's contention makes little sense.  First, Plaintiff's FAC does not allege any facts establishing that (1) Defendant "automatically" enrolled its customers, (2) he would not have enrolled in this service otherwise, and (3) he was actually charged an overdraft fee on any transaction for which affirmative consent is required.  And even if Plaintiff were given leave to allege such facts, his claim – brought more than seven years after his alleged "automatic" enrollment – is time barred, under any statute of limitations that could be applied to his claim.  Plaintiff's second proposed class based on this same theory is equally time barred, and there is no reason to find that Plaintiff's new claim (on behalf of himself or the proposed class) relates back to his initial pleading.

Accordingly, for these reasons and as further set forth below, this Court should grant Defendant's demurrer without leave to amend.

## II.   STATEMENT OF FACTS & PROCEDURAL HISTORY

On June 12, 2018, Plaintiff filed his initial class action complaint against Rabobank alleging two causes of action: breach of contract and violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §17200.)  Each cause of action was based on the single theory that it was wrongful for Rabobank to charge both an initial overdraft fee (a fee charged for each transaction that created an overdraft) and a continued overdraft fee (a $5 per day fee charged for each day that an account remained in overdraft status, starting on the fifth day of such status).  The original Complaint was brought on behalf of one class – those who incurred at least one continued overdraft fee.

Plaintiff amended his Complaint on April 15, 2022.  The FAC restated the original claim on behalf of essentially the same class, now defined and named as follows:

> All Rabobank checking account holders in California, who, within the applicable statute of limitations preceding the filing of this action incurred one or more Continued Overdraft Fees ("Continued OD Class").

5
DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT

(FAC ¶ 42.)

The FAC also raised an entirely new and different theory: specifically, that Rabobank "automatically" enrolled Plaintiff and other customers into its overdraft service for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17 ("Regulation E").[1] (*Id.* at ¶¶ 55, 64-71.)  Yet Plaintiff chose not to state a direct cause of action for violation of Regulation E.  Instead, he shoehorned his new theory into the two existing causes of action for breach of contract and violation of the UCL.  Now, in the FAC, each of the two causes of action has two parts:  the continued overdraft part and the Regulation E part.  Thus, there are four different claims made in the FAC.

Despite having made his new theory part of the existing causes of action, Plaintiff proposed a brand new class called the "No Opt-In" Class:

> All Rabobank checking account holders in California who incurred overdraft fees for debit/check card transactions within the applicable statute of limitations preceding the filing of this action the [sic] fact that they did not affirmatively consent to participation in Rabobank's Courtesy Pay overdraft service ("No Opt-In Class").

(*Id.* at ¶ 42.)

Rabobank now demurs to the First Amended Complaint in its entirety.  The parties met and conferred but did not reach agreement on the subjects of this demurrer.  (See Declaration of Sean Patterson submitted in support hereof ("Patterson Decl."), and Exhibit A attached thereto.)

## III.   ARGUMENT

The issue to be decided on demurrer is whether the pleading states a valid cause of action as a matter of law.  (Code Civ. Proc., §589; *see also Mechanical Contractors Ass'n v. Greater Bay Area Ass'n* (1998) 66 Cal.App.4th 672, 677.)  If this determination cannot be made, a court must sustain the demurrer with respect to that cause of action.  (*Western Title Ins. Co. v. Bartolacelli* (1954) 124 Cal.App.2d 690, 694.)  The facts upon which liability depends—facts constituting the cause of action, or "ultimate facts" – must be plausible.  (*Prakashpalan v. Engstrom, Lipscomb &*

---

[1] Regulation E is part of the Electronic Fund Transfer Act ("EFTA") (15 U.S.C. § 1693 *et seq.*)  Regulation E provides federal regulatory protection for consumers using electronic fund and remittance transfers.  (12 C.F.R. §1005.17(b).)

1   *Lack* (2014) 223 Cal.App.4th 1105, 1120.)

2   **A.      Plaintiff Fails to Allege a Breach of Contract or a UCL Violation with Respect to
3          the Continued Overdraft Fee**

4          Plaintiff's original claims – that the imposition of a Continued Overdraft Fee was either a

5   breach of contract or a UCL violation – fail as a matter of law.

6          **1.      Plaintiff Fails to Allege a Breach of Contract as to the Continued
7                 Overdraft Fee.**

8          "To be entitled to damages for breach of contract, a Plaintiff must <u>plead</u> and prove (1) a

9   contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

10  (4) damage to Plaintiff."  (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1352

11  (emphasis added).)  A breach of contract cause of action must allege "all essential elements" of the

12  contract with specificity.  (*Levy v. State Farm Mut. Auto. Ins. Co.* (2007) 150 Cal.App.4th 1, 6.)

13         Typically the starting point for any breach of contract claim is the contractual

14  obligation that a plaintiff claims was breached.  Not so here.  Not once in his 71-

15  paragraph FAC does Plaintiff identify any contractual obligation with which Rabobank

16  failed to comply.

17         To begin with, Plaintiff is exceedingly vague about what the contract is.  At times

18  he mentions the "Deposit Agreement" (Exhibit A to the FAC) (FAC ¶¶ 3, 4, 13.)  Other

19  times he speaks of an "Account Agreement" (FAC ¶¶ 13, 14), which he states is attached

20  to the FAC as Exhibit A.   He also refers to the "Fee Schedule" (FAC ¶ 16), which he

21  separately attaches as Exhibit B.  The Fee Schedule, however, is expressly incorporated

22  into the Deposit Agreement (Ex. A at p. 2) and is therefore a part of it.[2]  That may be why

23  Paragraph 53 of the FAC refers to the Deposit Agreement "and related documentation."

24  (FAC ¶ 53.)  Elsewhere in the FAC, Plaintiff cites to – but does not attach – the Opt-In

25  Agreement, a document that describes Rabobank's Overdraft Fee policy.  (FAC ¶¶ 37,

26

27  ─────────────
    [2] "It is, of course, the law that the parties may incorporate by reference into their contract the terms of some other
    document." (*Wolschlager v. Fidelity National Title Ins. Co.* (2003) 111 Cal.App.4th 784, 790.)

28
    **DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
    IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT**

41.)

Regardless of which account document one considers, Plaintiff's FAC fails to identify any contractual obligation identified which Rabobank has breached.  Instead, Plaintiff focuses on the following portion of the Fee Schedule:

> Overdraft (created by check, in-person or ATM withdrawal, or by electronic means including bill payment) each ..................... $35.00
>
> Overdraft (daily maximum charge) ............................... $140.00
>
> Overdraft (per day charge, starting on the fifth day through day 15 if amount overdrawn is greater than $5) ....................... $5.00 per day.

(FAC ¶ 3.)

As can plainly be seen, this language expressly identifies both the initial $35 overdraft fee and, separately, the $5 per day continued overdraft fee.  Nowhere does this language (or any other language identified in the FAC) say that Rabobank will charge only one type of overdraft fee, or that these fees are alternatives to each other.  Nowhere did Rabobank state that it would not charge a continued overdraft fee if a transactional overdraft fee had already been charged or vice-versa. Without a contractual commitment to take or not take an action, where's the breach?

The answer is that there isn't one alleged in this complaint.  In short, Plaintiff utterly fails to allege the elements of a breach of contract claim with respect to the Continued Overdraft fee.

**2.    Plaintiff Fails to Allege a UCL Violation as to the Continued Overdraft Fee.**

Plaintiff fares no better with his claim that charging Continued Overdraft fees constituted a violation of the UCL because, according to Plaintiff, Rabobank's explanation of these fees was confusing and deceptive." (FAC ¶ 20.)  The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'  (Cal. Bus. & Prof. Code §17200.)  An individual may not prosecute a UCL claim unless the individual "has suffered injury in fact and has lost money or property as a result of the unfair competition." (Cal. Bus. & Prof. Code §17204.)

The FAC repeatedly refers to the form that Rabobank provided to customers both to educate

8

them about its overdraft policy and through which they could opt in to certain aspects of its program

("Opt-In Form") (FAC ¶ 38, ¶ 41, ¶ 55.)  Plaintiff conveniently avoids quoting the language in the

Opt-In Form and does not attach it to the FAC.  (See Ex. A to Patterson Decl., "What You Need to

Know About Overdrafts and Overdraft Fees" (RABG000266-67.)  Although Plaintiff ignores the

language of the Opt-In Form, this Court should not.[3]

Rabobank's Opt-In Agreement followed almost verbatim the A-9 Model Consent Form[4] for

Overdraft Services in Appendix A to Part 1005, which states:

> We <u>do not</u> authorize and pay overdrafts for the following types of
> transactions unless you ask us to (see below)
>
> • ATM transactions
> • Everyday debit card transactions
>
> \*      \*      \*
>
> We will charge you a fee of up to $30 each time we pay an overdraft.
>
> • Also, if your account is overdrawn for 5 or more consecutive
>   business days, we will charge you an additional $5 per day.
> • There is <u>no limit</u> on the daily fees we can charge you for
>   overdrawing your account.

(12 C.F.R. § Pt. 1005, App. A (A-9 Form).)

Rabobank's Opt-In Agreement stated:

> We <u>do not</u> authorize and pay overdrafts for the following types of
> transactions unless you ask us to:
>
> • ATM transactions
> • Everyday debit card transactions
>
> \*      \*      \*
>
> Under our standard overdraft practices:
>
> • We will charge you a fee of $35 each time we pay an overdraft.
> • Also, if your account remains overdrawn for five or more

---

[3] On a demurrer a court can consider the actual documents referenced in a complaint. (*Hollister Park Inv. Co. v. Goleta County Water Dist.* (1978) 82 Cal.App.3d 290, 292 (…where the allegations in the body of the complaint are contrary to documents incorporated by reference in it, we treat the documents as controlling over their characterization in the pleading.").)

[4] The Consumer Financial Protection Bureau ("CFPB") published this form as guidance to institutions such as Defendant on compliance with Regulation E.  (See 12 C.F.R. 1005.17 (d).)

consecutive business days, we will charge you an additional fee of $5 per day if the overdrawn amount is greater than $5.  The fee is charged through the 15th day the account is overdrawn.

• You will not be charged more than $140 in overdraft fees per day.

(Ex. A to Decl. of Patterson.)

Regulation E, at § 1005.17(d), explains the format of the disclosure form for overdraft fees:

**(d) Content and format.** The notice required by paragraph (b)(1)(i) of this section shall be substantially similar to Model Form A-9 set forth in appendix A of this part, include all applicable items in this paragraph, and may not contain any information not specified in or otherwise permitted by this paragraph.

The CFPB's Official Interpretation of § 1005.17(d)(1) explains that the financial institution must disclose all applicable overdraft fees, including:  (i.) Per item or per transaction fees; (ii.) Daily overdraft fees; (iii.) Sustained overdraft fees, where fees are assessed when the consumer has not repaid the amount of the overdraft after some period of time (for example, if an account remains overdrawn for five or more business days); or (iv.) Negative balance fees.

Rabobank's Opt-In Agreement ticks every box regarding the level of detail that the CFPB recommends for financial institutions under its Official Interpretation of § 1005.17(d).  It explains when an overdraft fee is charged, when a daily fee is charged, and the maximum daily fee that an account holder can be charged.

Given that the language used by Rabobank regarding continued overdraft fees was identical to the Model A-9 Consent Form, Plaintiff has not alleged any set of facts that could constitute a UCL violation.  Although Plaintiff summarily asserts that Rabobank's language was confusing and "deceitful" (FAC ¶¶ 68-70), he has entirely failed to show how language recommended by a federal agency could be deemed confusing or "deceitful."  It certainly isn't "unlawful" since it precisely follows the law.  The claim simply is not plausible, and demurrer should be granted.

**B.     Plaintiff Fails to State a Claim Relating to the Allegedly "Automatic" Opt-in**

Financial institutions may allow overdrafts to occur as a result of bounced checks or ACH transactions without obtaining consent from consumers.  (12 C.F.R. § 1005.17(b); CFPB Official Interpretation of 12 C.F.R. § 1005.17(b).)  But for ATM and other debit card transactions,

Regulation E prohibits financial institutions from allowing overdrafts without the account holder's prior affirmative consent.  (FAC ¶ 35; 12 C.F.R. § 1005.17.)[5]  In other words, a consumer must "opt in" to the portion of a bank's overdraft program that relates to ATM or other debit card transactions. Plaintiff's more recent claim, filed in April 2022, is that Rabobank "automatically" opted him in to the portion of its overdraft program that permitted overdrafts on ATM and everyday debit card transactions.  (FAC ¶ 6.)[6]

Plaintiff's new claims can be promptly disposed of for the simple reason that he has not pled any facts in support of it.

First, he identifies no specific facts to support the allegation that Rabobank "automatically" opted him or anyone else into the overdraft program.  He refers only to unspecified discovery responses and conversations with counsel, but fail to allege any relevant facts at all, much less plausible ones.

Next, he fails to allege that, had he not allegedly been "automatically" opted in, he would have chosen not to opt in.

Finally, he does not allege that he was charged any fees whatsoever for overdrafts *resulting from ATM or one-time debit card transactions*.  Consent ("opting in") is only required with respect to overdrafts that occur in those circumstances.  Plaintiff recites several instances of being charged initial or continued overdraft fees, see FAC ¶¶ 27-30, but he does not state what the underlying transactions were.  It matters a great deal, because there can be no "opt-in" claim for overdrafts resulting from checks or ACH transactions.  (12 C.F.R. § 1005.17(b); CFPB's Official Interpretation of 12 C.F.R. § 1005.17(b).)  His breach of contract and UCL claims both require that there be an injury caused by the wrongdoing (*Troyk, supra,* 171 Cal.App.4th at 1352), yet Mr. Villanueva makes no such allegation.

---

[5] If an account holder does not opt in, the transaction will be declined for insufficient funds.  (12 C.F.R. § 1005.17.)

[6] Rabobank expressly denies that it ever "automatically" opted any consumer in to its overdraft program.  It recognizes, however, that the Court must take as true the facts alleged in the FAC for purposes of this demurrer.

C.      **The Statute of Limitations Bars the New Claims**

Even if Plaintiff had plausibly stated a claim relating to the opt-in requirement, it would be time-barred.  Plaintiff claims that the so-called "automatic" opt-in was a violation of Regulation E – but curiously he does not allege a cause of action under that regulation.  Perhaps that is because Regulation E has a one-year statute of limitations.  (12 C.F.R. §1005.17.)  Rather than making a straightforward claim under Regulation E, Plaintiff slyly attempts to hide his Regulation E claims within breach of contract and UCL causes of action to escape the bar of the statute of limitations.

1.      **To the Extent They are Based on Regulation E, the Breach of Contract and UCL Causes of Action Should be Governed by a One-Year Statute of Limitations**

"The nature of the cause of action and the primary right involved, not the form or label of the cause of action or the relief demanded, determine which statute of limitations applies."  ((*Austin v. Medicis* (2018) 21 Cal.App.5th 577, 585.)  The California Supreme Court has held that this standard applies not only to breach of contract causes of action but also UCL claims.  (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 119 ("That a cause of action is labeled a UCL claim is not dispositive; instead, 'the nature of the right sued upon' and the circumstances attending its invocation control the point of accrual." (Internal citations omitted).)

The new portions of Plaintiffs' breach of contract and UCL claims are based solely on an alleged violation of Regulation E.  (FAC ¶ 55 ("Furthermore, the contract incorporated by reference all applicable laws including 12 C.F.R. §1005.17..."); FAC ¶¶ 64-71 ("Defendant's practice is also unlawful as it violates the opt in requirements of 12 C.F.R. Section 205.17, which serves as a predicate to the UCL's unlawful prong...").)  These claims should therefore be governed by Regulation E's one-year statute of limitations.

2.      **Whether or Not a One-Year Statute of Limitations Applies, the New Claims are Time-Barred**

Plaintiff alleges that the first unauthorized charge occurred in March 5, 2015.  (FAC ¶ 29.) The statute of limitations for a Regulation E violation, even where there are multiple charges, accrues from when the <u>first unauthorized charge</u> was incurred.  (*Harvey*, 2015 WL 9268125 *4.)

Subsequent unauthorized charges do not extend the statute of limitations.  (*Ibid*.)   Therefore, the

statute of limitations began to run on March 5, 2015, and expired the following year, in March 2016.

Plaintiff did not file his initial complaint (regarding the Continued OD Class) until more than two

years later, on June 2, 2018.  Plaintiff's Regulation E claims, disguised as breach of contract and

UCL causes of action, were not filed until April 15, 2022, more than *seven years* later.  Thus,

whether this Court concludes that the one-year statute of limitations for Regulation E applies, as

discussed above, or the longer four-year statute for breach of contract and UCL claims, this claim is

time-barred.

**3.      The New Breach of Contract and UCL Claims Based on Regulation E Do Not Relate Back to the Claims in the Original Complaint**

Plaintiff will undoubtedly attempt to argue that the claims newly asserted in April 2022 relate

back to the claims asserted in the original complaint.  Plaintiff's argument is without merit.

Under the relation back doctrine, an amendment relates back to the original complaint if the

amendment: (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to

the same instrumentality or cause of injury.  (*Pointe San Diego Residential Cmty., L.P. v. Procopio,*

*Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 282.)  All three elements are

required for claims to relate back to an original complaint.  (*Ibid*.)  For class action cases, courts

apply the same three factors for the relation back doctrine as would be applied with respect to a

private individual.  (*Guenter v. Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 468; *Dhuyvetter*

*v. City of Fresno* (1980) 110 Cal.App.3d 659, 665.)

The analysis of the three factors is tied to one of the fundamental purposes of a statute of

limitations: to provide the defendant with sufficient notice of the claim.  (*Pointe San Diego, supra*,

195 Cal.App.4th at 279.)  Statutes of limitation are intended to provide defendants with adequate

notice of claims so they have sufficient time to prepare a defense on the merits.  (*Ibid*.)  This purpose

is met when a new claim is based on the same facts as a prior complaint.  (*Scholes v. Lambirth*

*Trucking Co.*, 10 Cal.App.5th 590, 599, 216 Cal.Rptr.3d 794 (2017).)  That is not the case here.

Applying the three factor test, it is clear that the Regulation E allegations are new and are

based on new facts and cannot relate back to the original Complaint.

### a. The new Regulation E-based claims are not based on the same set of facts as the original claims.

The original Complaint was focused on the single theory that it was wrongful for Rabobank to charge both an initial overdraft fee and a continued overdraft fee.  It was brought on behalf of one class – those who incurred at least one continued overdraft fee.

The new claims in the FAC are based on a completely different set of factual allegations: i.e., that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions, in violation of 12 C.F.R. §1005.17 ("Regulation E.") (*Id*. at ¶¶ 55, 64-71.)  The possibility of a Regulation E violation was never raised in the original Complaint (or any time prior to 2022.)  The facts supporting the allegations that Rabobank "automatically" opted Plaintiff and other customers into its overdraft program for ATM and everyday debit transactions are very different from those alleged in the original Complaint.

The very fact that Plaintiff has identified a new and separate class (the "No Opt-In Class) is an acknowledgement that the facts on which the new class based its claims are different from those made by the original class.  Surely if there were a common set of facts, there would have been a single class.  And one can see from the face of the FAC that the members of the two classes will be different.  Even if someone had been "automatically" opted in, that person might never have been charged a Continued Overdraft fee, and vice versa.

### b. The new Regulation E-based claims are not based on the same injuries as the original claims.

The California Supreme Court has explained that in order for a new claim to relate back to an older one, the injuries complained about must be the same – that is, identical to the injuries complained about in the original Complaint.  (*Norgart v. Upjohn Co*., (1999) 21 Cal.4th 383, 409, 981.)  Here, the injuries for which plaintiff seeks recovery in his new claims are different from those identified in the original Complaint.  The original Complaint sought recovery only for the $5 continuous overdraft fee.  (Complaint ¶¶ 41, 49.)

1    Now Plaintiff seeks to recover for a different injury, based on his claim that he was

2    "automatically" opted into the overdraft program for ATM and everyday debit transactions.

3    Although he does not specifically allege that he ever suffered this injury himself, see *supra* at III.C.,

4    presumably an injury from this claim would be *any* overdraft fee (initial or continued) charged as a

5    result of an ATM or debit card transaction.  The injuries are not identical.

6    And once again, the fact that he is proposing a new class, the No-Opt In Class, demonstrates

7    that the injuries are of a different type.

8                          **i.       The New Regulation E-based Claims are Not Based on the
                                     Same Instrumentality as the Original Claims.**

9

10   An "instrumentality" is the "means" by which a plaintiff was injured – in other words, the

11   cause of the injury.  (*Pointe San Diego Residential Cmty., L.P.*, *supra*, 195 Cal.App.4th at 283.)  If

12   the causes of injury are different, the new allegations cannot relate back to the Complaint.  (*Ibid.*)

13   (See also *Coronet Mfg. Co. v. Superior Ct.*, 90 Cal.App.3d at 348 (Even though the cause of action,

14   wrongful death, was the same, the instrumentality or reason for the injury was different; thus,

15   amended allegations did not relate back.).)

16   The breach of contract and UCL claims related to the automatic opt-in injuries are based on

17   Regulation E, a federal regulation.  According to the FAC, violation of Regulation E – the allegedly

18   "automatic" opt-in – was the "instrumentality" that caused injury.  The continued overdraft language

19   in the parties' agreement is the basis for the Continued Overdraft Fee claims, which is a different

20   instrumentality.  The original Complaint, moreover, did not even mention Regulation E.  Nor can

21   Plaintiff cure that fatal defect – the difference in instrumentality – simply by shoehorning this new

22   theory of liability into existing causes of action.  As in *Coronet*, here the breach of contract and UCL

23   causes of action are labelled the same as the original Complaint, but the causation of harm for the

24   alleged Regulation E violations regarding consent for Rabobank's overdraft coverage are based on

25   completely different reasons or instrumentality.

26   None of the three factors necessary to apply the relation back doctrine is met.  The Court

27   should find that the new allegations do not relate back to the original Complaint and sustain

28

1   Defendant's Demurrer without leave to amend.

2       **D.**    **If the Court Does Not Dismiss the new Claims Entirely, the claims Should Only Relate Back for Class Members who were Members of the Continued OD Class.**

3       Finally, even if this Court were to find that the new claims relate back, which it should not,

4   members of the new "No Opt-in Class" cannot assert the relation back doctrine unless they were

5   members of the original class.  As more fully discussed in Rabobank's Motion to Strike, if a putative

6   class member did not assert a claim in the original Complaint, then quite obviously that person has

7   no claim to which the new claim can relate back.

8   **IV.**    **CONCLUSION**

9       For the reasons stated above, Rabobank prays the Court grant its demurrer.

10

11   Dated: November 10, 2022           **DUANE MORRIS LLP**

12

13                     By: _____

14                           Cyndie M. Chang

                        Sean Patterson

15

16                           Attorneys for Defendant

                        MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT

Electronically Filed Superior Court of CA County of Contra Costa 11/10/2022 9:34 PM By: K. Vaquerano, Deputy

1  Cyndie M. Chang (SBN 227542)
   **DUANE MORRIS** LLP
2  865 So. Figueroa Street, Suite 3100
   Los Angeles, California 90017
3  Telephone:  (213) 689-7400
   Facsimile:  (213) 689-7401
4  E-mail:      cmchang@duanemorris.com

5  Christine C. Ross (SBN 280646)
   Sean Patterson (SBN 234565)
6  **DUANE MORRIS** LLP
   Spear Tower
7  One Market Plaza, Suite 2200
   San Francisco, CA  94105-1127
8  Telephone:    (415) 957-3000
   Facsimile:     (415) 957-3001
9  E-mail:     ccross@duanemorris.com
               cspatterson@duanemorris.com
10
   Dana B. Klinges (admitted *pro hac vice*)
11 **DUANE MORRIS** LLP
   30 South 17th  Street
12 Philadelphia, PA 19103-4196
   Telephone:  (215) 979-1143
13 Facsimile:  (215) 405-2632
   E-mail:     dklinges@duanemorris.com
14
   Attorneys for Defendant and Respondent
15 MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

16              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17                 **FOR THE COUNTY OF CONTRA COSTA**

18 JOE VILLANUEVA, on behalf of himself and all      Case No. MSC21-02089
   others similarly situated,
19
                    Plaintiff,                        **DECLARATION OF SEAN**
20                                                    **PATTERSON IN SUPPORT OF**
         v.                                           **DEFENDANT RABOBANK, N.A.'S**
21                                                    **DEMURRER TO FIRST AMENDED**
   RABOBANK, N.A., and DOES 1 through 20,            **COMPLAINT**
22 inclusive,

23                  Defendants.                       Date:
                                                      Time:
24                                                    Dept:      39
                                                      Judge:     Hon. Edward G. Weil
25                                                    FAC Filed: April 15, 2022

26

27

28
   DM3\9139787.1                                                  CASE NO. MSC21-02089
          DECLARATION OF SEAN PATTERSON IN SUPPORT OF
          DEFENDANT RABOBANK, N.A.'S DEMURRER TO FIRST AMENDED COMPLAINT

I, Sean Patterson, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am special counsel at Duane Morris LLP, counsel of record for Defendant Rabobank, N.A.  I have personal knowledge of the facts stated in this declaration, and could and would competently testify to them if called as a witness.

2.      The First Amended Complaint makes numerous references to an Opt-In Form (FAC ¶ 38, ¶ 41, ¶ 55) it claims was produced by Defendant on December 16, 2021.

3.      Attached as Exhibit A to this declaration is a true and correct copy of that form, the "What You Need to Know About Overdrafts and Overdraft Fees" [RABG000266-67].

4.      On November 4, 2022, pursuant to California Code of Civil Procedure section 430.41 my office sent a letter to counsel for Plaintiff Joe Villanueva to meet and confer regarding the Demurrer and Motion to Strike.

5.      In that letter, Defendant explained why Defendant intended to file a demurrer to the First Amended Complaint and set forth the legal grounds.  Attached as Exhibit B is a true and correct copy of that letter.

6.      Dana Klinges, a partner with Duane Morris LLP and counsel of record for Defendant, also met and conferred further with Plaintiff's counsel regarding the legal grounds it intends to raise on demurrer by telephone on November 9, 2022.  After a good faith attempt to meet and confer, the parties were unable to resolve Defendant's objections to the First Amended Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of November, 2022 at San Francisco, California.

_____
Sean Patterson

DECLARATION OF SEAN PATTERSON IN SUPPORT OF
DEFENDANT RABOBANK, N.A.'S DEMURRER TO FIRST AMENDED COMPLAINT

# EXHIBIT A

# What You Need to Know about Overdrafts and Overdraft Fees

An overdraft occurs when you do not have enough money in your account to cover a transaction, but we pay it anyway.

We can cover your overdrafts in two different ways:

1. We have standard overdraft practices that come with your account.
2. We also offer overdraft protection plans, such as a link to a Rabobank savings account or an overdraft line of credit, which may be less expensive than our standard overdraft practices. To learn more, ask us about these plans.

This notice explains our standard overdraft practices.

**What are the standard overdraft practices that come with my account?**

We <u>do</u> authorize and pay overdrafts for the following types of transactions:

- Checks and other transactions made using your checking account
- Automatic bill payments

We <u>do not</u> authorize and pay overdrafts for the following types of transactions unless you ask us to:

- ATM transactions
- Everyday debit card transactions

We pay overdrafts at our discretion, which means we <u>do not guarantee</u> that we will always be able to authorize and pay any type of transaction.

If we do <u>not</u> authorize and pay an overdraft, your transaction will be declined.

[see other side]

Rabobank, N.A.
Member FDIC
www.rabobankamerica.com
ADM-472 (12/15)  *Update FM-ACC-105*

**Rabobank**

RAB000266

**What fees will I be charged if Rabobank pays my overdraft?**

Under our standard overdraft practices:

- We will charge you a fee of **$35** each time we pay an overdraft.
- Also, if your account is overdrawn for 5 or more consecutive business days, we will charge an additional $5 per day if the overdrawn amount is greater than $5. The fee is charged through the 15th day the account is overdrawn.
- You will not be charged more than $140 in overdraft fees per day.

**What if I want Rabobank to authorize and pay overdrafts on my ATM and everyday debit card transactions?**

If you want us to authorize and pay overdrafts on ATM and everyday debit card transactions, you must do one of the following:

1. Call us toll free at (800) 942-6222.

2. Mail a letter to:

   Customer Care
   Rabobank, N.A.
   P.O. Box 6010
   Santa Maria, CA 93456-6010

3. Acknowledge below your desire to authorize us to pay ATM and everyday debit card transactions by signing this form and delivering it to a new accounts representative at any Rabobank branch.

**Yes**, I want Rabobank to authorize and pay overdrafts on my ATM and everyday debit card transactions on the account I have listed below. I understand that fees may be assessed as specified in this document.

Account #: ....................................................................................

_____    _____
Signature                                                      Date

_____
Print Name

RAB000267

# EXHIBIT B



NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

*FIRM and AFFILIATE OFFICES*

DANA B. KLINGES
DIRECT DIAL: +1 215 979 1143
PERSONAL FAX: +1 215 405 2632
*E-MAIL:* dklinges@duanemorris.com

*www.duanemorris.com*

November 4, 2022

<u>**VIA E-MAIL**</u>

Sophia Goren Gold, Esq.
KALIEL GOLD
950 Gilman Street, Suite 200
Berkeley, CA 94710
Sgold@kalielgold.com

> **Re:**   *Villanueva v. Rabobank, N.A.,*
> **Contra Costs Superior Court Case No. MSC21-02089**
> **Meet and Confer re FAC**

Dear Sophia:

As you know, we represent defendant Rabobank, N.A. ("Rabobank") in the above-captioned action filed by your client, Plaintiff Joe Villanueva, a former banking customer of Rabobank.  On April 15, 2022, plaintiff filed a First Amended Complaint ("FAC"), which contains two causes of action: (1) breach of contract, and (2) violation of California's Unfair Competition Law ("UCL"), which is codified in Business and Professions Code section 17200, *et seq*.  As we have previously discussed with you on multiple occasions, Rabobank believes the FAC is subject to demurrer and a motion to strike.

Please consider this letter Rabobank's final attempt to meet and confer to informally resolve the issues discussed below, per California Code of Civil Procedure ("C.C.P.") §§ 430.41 and 435.5.  Please let us know if you believe that further discussion is merited.  Otherwise, we will assume – based on our prior discussions on these topics – that you will not be dismissing the FAC voluntarily, and we will proceed with our demurrer and motion to strike.  Rabobank reserves all rights to bring up these arguments and any others not specifically mentioned below.

> **A.**   <u>**Because Rabobank Closely Followed the Federal Model Form, Plaintiff's**</u>
> <u>**Claims Relating to the Continued Overdraft Fees are not Viable.**</u>

Plaintiff's original claim, which is realleged in the FAC, relates to Rabobank's "Continued Overdraft Fees."  *See generally* FAC ¶¶ 13-30.  Rabobank's overdraft program is described in its Deposit Agreement and its Opt-in Agreement.  The Opt-in Agreement followed



Sophia Goren Gold, Esq.
November 4, 2022
Page 2

almost verbatim the A-9 Model Consent Form for Overdraft Services in Appendix A to Part 1005.  Pursuant to 15 U.S.C. §1693m(d), a financial institution is insulated from liability for a Regulation E violation when it uses one of the model forms.  Plaintiff has never claimed a violation of Regulation E with respect to the Continued Overdraft Fee – probably for this very reason and perhaps also because such a claim would have been untimely even in 2018.  Instead, he asserts breach of contract and violation of the UCL, based on the notion that he was confused and "deceived."  FAC ¶¶ 18-20.  It is patently absurd to suggest that the federally-approved form is somehow confusing or deceitful.  The Court can make this determination on the face of the documents, and a demurrer should be granted.

**B.      The New Regulation E-Based Claims are Barred by the Statute of Limitations**

A general demurrer is proper where the dates alleged in the complaint show that the cause of action is barred by the statute of limitations. (See *Iverson, Yoakum, Papiano & Hatch v. Berwald* (1999) 76 Cal.App.4th 990, 995; *Vaca v. Wachovia Mortg. Corp.* (2011) 198 Cal.App.4th 737, 746.)  Alternatively, a motion to strike may be brought to attack a clear defect on the face of the complaint.  (*PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682-83.)

Any claims derivatively based on an alleged violation of 12 C.F.R. § 1005.17 are barred by the applicable one-year statute of limitations.  (FAC ¶¶ 55 & 67.)  Those allegations should therefore be withdrawn from the FAC or are subject to demurrer or motion to strike.  Plaintiff's new claims of breach of contract and violation of the UCL based on allegations that Rabobank breached 12 C.F.R. § 1005.17 are barred by the applicable one-year statute of limitations even though the claims are styled as breach of contract and UCL claims because the "gravamen" of each cause of action is the violation of 12 C.F.R § 1005.17. (*Austin v. Medicis* (2018) 21 Cal.App.5th 577, 585.)

Furthermore, the new allegations in the FAC do not relate back to the claims in the original complaint.  Under the relation back doctrine, an amendment relates back to the original complaint if the amendment: (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality or cause of injury.  All three elements are required for claims to be related back to an original complaint.  (*Hutcheson v. Superior Ct.*, (2022) 74 Cal.App.5th 932, 940.)  The FAC is based on a new set of facts, involves a new injury, and refers to a different cause of the injury, an alleged violation of Regulation E. Therefore, the relation back doctrine does not apply.

**C.      The No-Opt in Class is a Fail Safe Class and Must be Dismissed or Stricken**

Class 2 ("the No-Opt in Class") is a fail-safe class and must be dismissed or stricken. (*Noel v. Thrifty Payless, Inc.* (2019) 7 Cal.5th 955, 974.)  In *Noel*, the California Supreme Court agreed with a holding by the Seventh Circuit that classes "defined in terms of success on the merits – so-called 'fail-safe classes'" were not appropriate for class certification.  (*Id*.)  Class 2 is a fail-safe class because it is defined in terms of the success of the merits of the claim.



Sophia Goren Gold, Esq.
November 4, 2022
Page 3

### D.     The FAC Should be Stricken for Additional Reasons

Rabobank intends to move to strike the entire FAC on the grounds it is not drawn or filed in conformity with the laws of this state in that it fails to meet the requirements of C.C.P. § 425.10(a)(2), which provides that a complaint shall contain "[a] demand for judgment for the relief which the pleader claims to be entitled" and that "[i]f the recovery of money or damages is demanded, the amount demanded shall be stated."  No amount of money or damages is stated in the FAC.

Rabobank also intends to move to strike all the allegations that are irrelevant, false or improper, allegations neither pertinent to nor supported by an otherwise sufficient claim, and any demands for judgment requesting relief not supported by the allegations of the complaint. (C.C.P § 431.10(b); C.C.P. § 436(a).)  These include allegations regarding the issue of affirmative consent and violation of 12 C.F.R. § 1005.17; the allegations regarding violation of the fraud prong of the UCL; the categories of relief to which plaintiff is not entitled; and claims that are barred by the statute of limitations.

As stated above, we will assume that you do not agree with our analysis unless we hear from you that further discussion would be worthwhile.

Very truly yours,

Dana B. Klinges

DBK
cc:     Jesse Hindman
        Jeffrey D. Kaliel
        Amanda Rosenberg
        Todd D. Carpenter
        Eddie Jae K. Kim
        Tiffine E. Malamphy

1  Cyndie M. Chang (SBN 227542)
   **DUANE MORRIS LLP**
2  865 So. Figueroa Street, Suite 3100
   Los Angeles, California 90017
3  Telephone:  (213) 689-7400
   Facsimile:  (213) 689-7401
4  E-mail:      cmchang@duanemorris.com

5  Christine C. Ross (SBN 280646)
   Sean Patterson (SBN 234565)
6  **DUANE MORRIS LLP**
   Spear Tower
7  One Market Plaza, Suite 2200
   San Francisco, CA  94105-1127
8  Telephone:   (415) 957-3000
   Facsimile:   (415) 957-3001
9  E-mail:    ccross@duanemorris.com
              cspatterson@duanemorris.com
10
   Dana B. Klinges (admitted *pro hac vice*)
11 **DUANE MORRIS LLP**
   30 South 17th  Street
12 Philadelphia, PA 19103-4196
   Telephone:  (215) 979-1143
13 Facsimile:  (215) 405-2632
   E-mail:      dklinges@duanemorris.com
14
   Attorneys for Defendant and Respondent
15 MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

16              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17                **FOR THE COUNTY OF CONTRA COSTA**

18 JOE VILLANUEVA, on behalf of himself and all     Case No. MSC21-02089
   others similarly situated,
19
                          Plaintiff,                **[PROPOSED] ORDER SUSTAINING
20                                                  DEFENDANT RABOBANK, N.A.'S
           v.                                       DEMURRER TO FIRST AMENDED
21                                                  COMPLAINT**
   RABOBANK, N.A., and DOES 1 through 20,
22 inclusive,
                                                    Date:
23                        Defendants.               Time:
                                                    Dept:       39
24                                                  Judge:     Hon. Edward G. Weil
                                                    FAC Filed: April 15, 2022
25

26

27

28
                     [PROPOSED] ORDER SUSTAINING DEFENDANT RABOBANK, N.A.'S
                          DEMURRER TO FIRST AMENDED COMPLAINT

1        This Court, having reviewed Defendant Rabobank, N.A.'s ("Defendant") Demurrer to

2    Plaintiff Joe Villanueva's First Amended Complaint, having considered the opposition and reply

3    thereto, the oral arguments made at the hearing thereon and all other relevant papers on file in this

4    action; and GOOD CAUSE APPEARING, the Court HEREBY SUSTAINS Defendant's Demurrer

5    to the First Amended Complaint in its entirety without leave to amend.

6

7    IT IS SO ORDERED.

8    DATED:

9                                _____

10                               Hon. Edward G. Weil
                               Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed Superior Court of CA County of Contra Costa 11/10/2022 9:34 PM By: K. Vaquerano, Deputy

1    Cyndie M. Chang (SBN 227542)
     **DUANE MORRIS LLP**
2    865 So. Figueroa Street, Suite 3100
     Los Angeles, California 90017
3    Telephone:  (213) 689-7400
     Facsimile:   (213) 689-7401
4    E-mail:       cmchang@duanemorris.com

5    Christine C. Ross (SBN 280646)
     Sean Patterson (SBN 234565)
6    **DUANE MORRIS LLP**
     Spear Tower
7    One Market Plaza, Suite 2200
     San Francisco, CA  94105-1127
8    Telephone:  (415) 957-3000
     Facsimile:   (415) 957-3001
9    E-mail:       ccross@duanemorris.com
                   cspatterson@duanemorris.com
10

11   Dana B. Klinges (admitted *pro hac vice*)
     **DUANE MORRIS LLP**
12   30 South 17th Street
     Philadelphia, PA 19103-4196
13   Telephone:  (215) 979-1143
     Facsimile:   (215) 405-2632
14   E-mail:       dklinges@duanemorris.com

15   Attorneys for Defendant and Respondent
     MECHANICS BANK, SUCCESSOR TO RABOBANK, N.A.

16

17                 **SUPERIOR COURT OF CALIFORNIA**

18                  **COUNTY OF CONTRA COSTA**

19   JOE VILLANUEVA, on behalf of himself and all        Case No. MSC21-02089
     others similarly situated,
20                                                        **PROOF OF SERVICE**
                        Plaintiff,
21                                                        Date:
             v.                                           Time:
22                                                        Dept:        39
     RABOBANK, N.A., and DOES 1 through 20,               Judge:      Hon. Edward G. Weil
23   inclusive,                                           FAC Filed:  April 15, 2022

24                      Defendants.

25

26

27

28

## PROOF OF SERVICE

*Joe Villanueva v. Rabobank, N.A., et al.*
Superior Court of Contra Costa County Case No. MSC21-02089

I am a citizen of the United States, over the age of 18 years, and not a party in the within action.  I am an employee of Duane Morris LLP and my business address is Spear Tower, One Market Plaza, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes.  On the date stated below, I served the following documents:

  1.   **DEFENDANT RABOBANK, N.A.'S NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT**

  2.   **DEFENDANT RABOBANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT**

  3.   **DECLARATION OF SEAN PATTERSON IN SUPPORT OF DEFENDANT RABOBANK, N.A.'S DEMURRER TO FIRST AMENDED COMPLAINT**

  4.   **[PROPOSED] ORDER SUSTAINING DEFENDANT RABOBANK, N.A.'S DEMURRER TO FIRST AMENDED COMPLAINT**

| ☒ | BY ONELEGAL:  Via OneLegal. I served said document(s) by transmitting true and complete copies of same to each of the parties named below, sending the electronic files to the e-mail addresses they provided through their Internet Service Provider and E-Mail Programs, using the electronic filing service, One Legal. |
|---|---|

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 10, 2022, at San Leandro, California.

_____
Tamani Moore

1

## SERVICE LIST

2

| Jesse Hindman, Esq.<br>Anne Donovan *(Assistant)*<br>EDLESON, REZZO & HINDMAN<br>402 West Broadway, Suite 1520<br>San Diego, CA 92101<br>Tel:    (619) 255-4078<br>Email: jesse@erhlawfirm.com<br>          anne@erhlawfirm.com | Attorneys for Plaintiff and Proposed Class |
|---|---|
| Jeffrey D. Kaliel, Esq.<br>Sophia Gold, Esq.<br>Amanda Rosenberg, Esq.<br>KALIEL GOLD PLLC<br>1100 15th Street NW, 4th Floor<br>Washington, DC  20005<br>Tel:    (202) 350-4783<br>Email: jkaliel@kalielgold.com<br>          sgold@kalielgold.com<br>          arosenberg@kalielgold.com | Attorneys for Plaintiff and Proposed Class |
| Todd D. Carpenter, Esq.<br>Jae K. Kim, Esq.<br>Tiffine Malamphy, Esq.<br>LYNCH CARPENTER, LLP<br>1350 Columbia Street, Suite 603<br>San Diego, CA  92101<br>Tel:    (619) 762-1900<br>Email: todd@lcllp.com<br>          ekim@lcllp.com<br>          tiffine@lcllp.com | Attorneys for Plaintiff and Proposed Class |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Superior Court of California, Contra Costa County

Department 39
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

---

### MINUTE ORDER

| VILLANUEVA VS. RABOBANK | MSC21-02089 |
|---|---|
| | **HEARING DATE: 11/10/2022** |

PROCEEDINGS:   SPECIAL SET HEARING RE:  INFORMAL DISCOVERY CONFERENCE

| DEPARTMENT 39 | CLERK: DENESE JOHNSON |
|---|---|
| JUDICIAL OFFICER: EDWARD G WEIL | COURT REPORTER: NOT REPORTED |

JOURNAL ENTRIES:

   Counsel:  Tiffine Malamphy for plaintiff appears via Zoom.

   Counsel:  Cyndie Chang for defendant appears via Zoom.

   Counsel:   Sean Patterson for defendant appears in person.

   The Court continues this hearing to allow time for counsel to meet and confer.

FUTURE HEARING(S):
DECEMBER 07, 2022 9:00 AM SPECIAL SET HEARING RE:  INFORMAL DISCOVERY CONFERENCE

WEIL, EDWARD G

JOHNSON, DENESE

DEPARTMENT 39

---

DATED: 11/18/2022                    BY:_____

D.  JOHNSON, DEPUTY CLERK